## Missouri Pac. Ry. Co. *v.* Chicago & A. Ry. Co.[1]

(*Circuit Court, E. D. Missouri.* November 5, 1885.)

1. Common Carriers—Railroads—Liability as to Cars Received for Transportation.

   Where a railroad company receives loaded cars from another road for transportation, it is liable as a common carrier in case they are destroyed *en route* by fire.

2. Same—Destruction after Delivery to Consignee.

   If destroyed by fire after delivery to the consignee, or after they have been tendered to him, the company is not liable if not in fault. In the latter case its duties are only those of a warehouseman.

3. Same—Implied Contract to Return Cars.

   *Semble,* that no implied contract to return cars arises where they are received loaded for transportation and delivery to a consignee.

At Law.

Suit for the value of a number of cars delivered in good order, loaded with grain, by plaintiff to defendant, for transportation over the latter's road. The answer states as a defense that the cars were destroyed by fire without the defendant's fault after they were delivered to the consignee.

*Bennett Pike, Thomas J. Portis,* and *H. G. Herbel,* for plaintiff.

*R. H. Kern,* for defendant.

Treat, J. It appears that the course of through traffic among railroads requires each to receive cars owned by other than the transporting road, and forward the same; and accepting the general principle stated in *Peoria & P. U. Ry. Co.* v. *Chicago, R. I. & P. Ry. Co.,* 109 Ill. 135, that each road, as to said cars by it so received and forwarded to the next road, is under the obligations of a common carrier, the case before the court shows that there were 10 cars to be deliv-

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

ered to the Advance elevator, and received by the defendant for that purpose. Six of these were actually delivered, and were in possession of said elevator. Four of said ten, still in actual possession of the defendant, had been tendered to said elevator, and remained in the custody of the defendant from the inability of the elevator to receive the same when so tendered. All of these cars were destroyed by fire without any fault of the defendant.

As to the six cars actually delivered and so destroyed there evidently can be no recovery. The duties of the defendants as to the other four of said cars were simply those of a warehouseman. When a common carrier transports merchandise and delivers the same to the consignee, its obligations with respect thereto are at an end. If, however, the same are tendered to him, and through no fault of the carrier he does not or will not receive the same, the carrier can cause the same to be stored at the risk of the consignee, or retain possession of the same simply as a warehouseman. Were this not so, the through traffic from one part to the other of this vast country would compel not only the breaking up but stoppage of trains, if at the intermediate points of delivery the consignee failed or refused to receive consignments.

In this case, if we treat the transportation of cars as if merchandise to be received and delivered to the consignee, it appears that these cars, with their contents, were delivered loaded with grain to the elevator. If both the cars and their contents are to be covered by the same rule, then the delivery of the cars with their contents terminated the obligations of the defendant. The court is not prepared to say that where a railroad car in the course of through transportation is received to be delivered to another railroad, and has been so delivered, that it is bound to cause the same to be returned, either to the owner of the car or to the railroad from which the same was originally received; nor that it is under all circumstances entitled to recover in its own name from what may subsequently happen with respect thereto.

In this case, as already stated, there can be no recovery as to the 10 cars shipped to the Advance elevator. Two other cars were delivered to the defendant to be sent by it eastward, which were destroyed by the fire alluded to; the value of said cars being $602.35, $100 of the wrecked material having been received by the plaintiff. As to said two cars the obligations of a common carrier existed, consequently the defendant is liable for the sum of $502.35, for which judgment is ordered.